|   |   |   |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | |   |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:00-CR-53 |
| | § | |
| JERRY WERNARD WILLIAMS | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Jerry Wernard Williams's ("Williams") "Pro Se Appellant's Motion to Suppress Listing of Name Under CAIVRS Pending Appellate Review of Disputed Restitution Debt" (#272). Williams asks the court to suppress his name from the Credit Alert Interactive Voice Response System ("CAIVRS") report pending the outcome of his appeal to the United States Court of Appeals for the Fifth Circuit, or in the alternative, to: (i) "terminate" his name from CAIVRS; (ii) "grant temporary forgiveness of" his debt pending the outcome of his appeal; or (iii) treat the involuntary withholding of funds from his monthly Social Security benefits as a "temporary settlement agreement." The Government filed a response, arguing that Williams's issues on appeal are time-barred and that he is not entitled to the relief sought in the instant motion. Having considered the motion, the Government's response, the pleadings, and applicable law, the court finds Williams's motion to be without merit.

I.  Background

In 2001, Williams was found guilty on fourteen counts of making false statements to the Government, in violation of 18 U.S.C. § 1001. The court sentenced Williams to six months' imprisonment, followed by a two-year term of supervised release. The final judgment also required Williams to pay a $1,400.00 special assessment, a $1,000.00 fine, and $1,268.08 in

restitution. Williams failed to make payments in satisfaction of these amounts, and, as a result, is now listed in CAIVRS[1] as a delinquent debtor.

In May 2017, Williams filed two *pro se* motions requesting the court to reconsider his monetary judgments and to remove his name from CAIVRS (#s 248, 249). In June 2017, the court issued an order keeping in place the $1,000.00 fine and $1,268.08 in restitution, but held that the $1,400.00 special assessment had expired (#253). Because Williams was still liable for a total of $2,268.08 in fines and restitution, the court refused to order that Williams's name be removed from CAIVRS. On June 16, 2017, Williams filed his notice of appeal of that order to the Fifth Circuit (#255).

In August 2017, the Government started withholding $56.00 per month from Williams's Social Security payments to satisfy the outstanding $2,268.08 monetary judgment. On August 15, 2017, Williams filed a *pro se* motion, in this court, to stay the monthly withholdings pending the outcome of his appeal (#258). The court denied Williams's motion, holding that his case did not warrant the imposition of a stay on the monthly withholdings (#260).

Next, Williams filed a conjoined motion with this court and an amended notice of appeal with the Fifth Circuit, in part seeking reconsideration of the court's denial of his motion to stay the monthly withholdings (#263). This court declined to reconsider Williams's request due to his failure to provide any evidentiary or legal support in favor of his argument (#267). The Fifth Circuit also denied Williams's request (#269).

---

[1] According to the HUD website, CAIVRS is the Credit Alert Verification Reporting System "developed by the Department of Housing and Urban Development in June 1987 as a shared database of defaulted Federal debtors...." *See* http://portal.hud.gov/hudportal/HUD?src=/program_offices/housing/sfh/sys/caivrs.

Undeterred, on November 20, 2017, Williams filed another *pro se* motion to "provide evidence or legal support" for his request to stay the monthly withholdings, among other issues (#268). The court denied his motion because "Williams, again, . . . failed to provide any new persuasive factual or legal support in his motion" (#270).

II.     Analysis

Now, Williams seemingly asks the court to reconsider matters that it has previously decided on multiple occassions[2]; however, he fails, as before, to provide any evidentiary or legal support for these arguments. Specifically, Williams asks the court to suppress, or in the alternative, to "terminate" his name from CAIVRS; grant "temporary forgiveness of the reported debt pending final appellate resolution"; or treat the Government withholdings as a "temporary settlement agreement" pending the appellate court's determination of his appeal.

The court reiterates that Williams is liable for the fine and restitution, as properly reported in CAIVRS, and his obligation to repay these amounts will not expire until 2022 (twenty years after his release from prison in 2002), at the earliest. *See* 18 U.S.C. § 3613(b), (f) (stating that an obligation to pay a fine and restitution terminates upon the later of twenty years after entry of judgment or twenty years after release from imprisonment). The court similarly finds no appropriate reason to stay the monthly withholdings from his Social Security payments. *See, e.g.*, FED. R. CRIM. P. 38(c) (granting the court discretion to stay a sentence to pay a fine "on any terms considered appropriate"). Finally, the court finds no authority or justification for treating

---

[2] In July 2017, the court denied Williams's previous motion to remove his name from CAIVRS. *See* #253. On August 2017, this court denied Williams's requests to stay collection of his debt, as did the Fifth Circuit in November of 2017. *See #*s 260, 269. Most recently, on December 1, 2017, the court denied Williams's motion to reconsider his request to stay the monthly withholdings.

the government's monthly withholdings as a "temporary settlement agreement." Accordingly, Williams's "Pro Se Appellant's Motion to Suppress Listing of Name Under [CAIVRS] Pending Appellate Review of Disputed Restitution Debt" (#272) is DENIED.

SIGNED at Beaumont, Texas, this 28th day of February, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE